IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHANNON COUNCE                                                                    PLAINTIFF

V.                              CASE NO. 3:21-CV-3005

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                    DEFENDANT

## OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (Doc. 23). On February 24, 2022, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $4,602.90, representing a total of 21.20 attorney hours for work performed in 2021 and 2022 at an hourly rate of $216.00 and $23.70 in service expenses. (Doc. 23-1). On February 25, 2022, the Commissioner filed a response voicing no objections. (Doc. 25).

The Court finds that Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit.

of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved). However, the hourly rate requested exceeds the hourly rate approved for the years in question. Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,401.40 ((20.5 hours in 2021 X $206.00/hour) + (.70 hours in 2022 X $221.00) + $23.70 in service fees).

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel. The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**IT IS THEREFORE ORDERED** that, based upon the foregoing, Plaintiff is awarded the sum of **$4,401.40** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**IT IS SO ORDERED** on this 28th day of February, 2022.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE