IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHANNON COUNCE                                                      PLAINTIFF

v.                        Civil No. 3:21-cv-03005-TLB-MEF

FRANK BISIGNANO, Commissioner[1]
Social Security Administration                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending now before this Court is Plaintiff's Amended Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (ECF Nos. 28, 32). Despite the passage of more than 30 days, the Commissioner has not filed a response.

**I. Background**

Plaintiff, Shannon Counce, appealed the Commissioner's denial of benefits to this Court. (ECF No. 2). On January 24, 2022, U.S. District Judge Timothy Brooks adopted the undersigned's Report and Recommendation and issued a judgment reversing and remanding Plaintiff's case pursuant to sentence four, 42 U.S.C. § 405(g). (ECF No. 22).

On February 28, 2022, this Court awarded Plaintiff $4,401.40 for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), representing a total of 21.20 attorney hours and $23.70 in service fees. (ECF No. 26). In February 2025, the Commissioner found the Plaintiff disabled

---

[1] Frank Bisignano was sworn in as the Commissioner of the Social Security Administration on May 7, 2025, and in his official capacity is substituted as defendant. *See* Fed. R. Civ. P. 25(d).

and awarded the sum of $64,281.00 in past due benefits.² (ECF No. 32). Records indicate that a total of $16,070.25 was withheld by the Commissioner for the payment of attorney fees pursuant to the fee agreement signed by counsel and the Plaintiff on April 15, 2019. (ECF No. 14-4, p. 4).

## II.     Applicable Law

Federal law regulates the fees attorneys may charge Social Security claimants for representation. *See* 42 U.S.C. §§ 406(a)-(b). Section 406(a) governs fees for representation at the administrative level³, while Section 406(b) controls fees for representation before the court. *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).

Successful claimants may seek fees from the court under both 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), and 42 U.S.C. § 406(b). Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, the court is permitted to determine and to allow as part of its judgment, a reasonable attorney fee for the representation of the claimant before the court. This fee must not exceed twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the claimant's past-due disability insurance benefits. *Id.*; *see also Iames v. Saul*, 2021 WL 2364455 (W.D. Ark. June 9, 2021). While fee awards may be made under both § 406(b) and EAJA, the claimant's attorney must refund the amount of the smaller fee to the claimant. *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat 186).

---

² Because the award letters from the Commissioner do not indicate the total amount of Plaintiff's award, this number was calculated using the total of the back pay (25%) withheld for attorney's fees. (ECF No. 32-4).

³ The claimant's attorney must petition the agency for an award of these fees. *See* 42 U.S.C. § 406(a); *Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts.").

Section 406(b) requires courts to use attorney-client contingency fee agreements when determining the fees to be awarded. *See Gisbrecht*, 535 U.S. at 793. Where the contingency agreement is within the boundary set by statute – capped at 25% of the past-due benefits awarded – the Court must determine the reasonableness of the fee sought. *Id*. Factors such as the character of the representation, the result achieved, delays caused by the representation, time spent achieving success, and counsel's normal hourly rate are considered. *Id*. at 808-809. However, counsel has the ultimate burden of "show[ing] that the fee sought is reasonable for the services rendered." *Id*. at 807.

### III.   Discussion

After receiving $7,080.00 ($7,200 - SSA fees) for work performed at the agency level, Plaintiff now seeks a fee award of $8,870.25 for a total of 21.70 attorney hours for work performed before this Court. (ECF No. 32-4). After deducting the smaller EAJA award, this equates to an hourly rate of $205.94.

The evidence shows Plaintiff contracted to pay her attorney 25% of any past due benefits owing to her, and the case resulted in a remand by this Court with an ultimate award of benefits. (ECF No. 14-4, p. 4). Nothing in the record suggests that there was any overreaching by Plaintiff's counsel in making the fee agreement or any impropriety in representing her. The Court notes that Plaintiff's attorney has a history of representing social security claimants and has a good reputation in the legal community. The benefits to Plaintiff are also quite substantial, not in just past due benefits, but also benefits she will continue to receive in the future. Therefore, under the totality of the circumstances, comparison of the benefits secured, and the time Plaintiff's counsel spent on the case suggest that the fee sought is reasonable.

## IV. Conclusion

Accordingly, it is RECOMMENDED that Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b) be **GRANTED** in the amount of **$8,870.25**. Counsel should also be directed to remit to Plaintiff **$4,401.40**, the smaller fee awarded pursuant to the EAJA.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this 14th day of May 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE